IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN A. NOEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. 4:12-CV-02204 |
| § | |
| BAE SYSTEMS, INC. and NATIONAL § | |
| EMPLOYMENT SERVICE CORPORATION, § | |
| § | |
| Defendants. § | |

## NATIONAL EMPLOYMENT SERVICE CORPORATION'S ANSWER

Defendant National Employment Service Corporation ("Defendant"), by its undersigned attorneys, files this Answer to the allegations contained in Plaintiff Glen Noel's ("Plaintiff") Original Complaint ("Complaint"). Each and every allegation not specifically admitted herein is denied.

### I.
### JURISDICTION, PARTIES AND VENUE

1. Defendant admits that this Court has jurisdiction to hear the merits of Plaintiffs' claims under Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

2. Upon information and belief, Defendant admits Plaintiff is a citizen of the United States, African American, and a resident of Houston, Texas. Defendant denies all remaining allegations and legal conclusions in Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits BAE Systems Inc, is a company located in Sealy, Texas and regularly conducts business in Sealy, Austin County, Texas, is engaged in an industry affecting commerce, and employs more than fifteen regular employees.

All remaining allegations and legal conclusions contained in Paragraph 3 of Plaintiff's Complaint are denied.

4. Defendant admits it regularly conducts business in Harris County Texas, is an employer within the meaning of Title VII and 42 U.S.C. § 1981, is engaged in an industry affecting commerce, and employs more than fifteen regular employees. All remaining allegations and legal conclusions contained in Paragraph 4 of Plaintiff's Complaint are denied.

5. Defendant admits that venue is appropriate in the Southern District of Texas, Houston Division. All remaining allegations and legal conclusions contained in Paragraph 5 of Plaintiff's Complaint are denied.

### Vicarious Liability – Respondeat Superior

6. Defendant admits that Plaintiff asserts the theory of respondeat superior. All remaining allegations and legal conclusions contained in Paragraph 6 of Plaintiff's Complaint are denied.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Upon information and belief, Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits Plaintiff filed an EEOC Charge for race discrimination and retaliation against National Employment on or about June 3, 2009. Defendant admits that in regards to the claims contained in Plaintiff's EEOC charge, he has exhausted his administrative remedies and files this suit within the statutory limitations period. All remaining allegations and legal conclusions contained in Paragraph 8 of Plaintiff's Complaint are denied.

## III.
## FACTUAL BACKGROUND

9. Defendant admits Plaintiff sought employment from Defendant. All remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. Defendant admits Plaintiff was assigned to work at BAE Systems, Land & Armaments Mobility & Protection Systems in February of 2009 as an assembly mechanic. All remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11. Defendant denies the allegations and legal conclusions contained in Paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies them.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies them.

25. Upon information and belief Defendant admits Plaintiff attempted to work with another placement agency. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and therefore denies them.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies them.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore denies them.

29. Defendant admits Plaintiff contacted Defendant on May 5, 2009. Defendant denies all remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits it has not contacted Plaintiff about his claims in this lawsuit. All remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore denies them.

# IV.
# CAUSES OF ACTION

A. **DISCRIMINATION PURSUANT TO 42 U.S.C. § 1981 AND TITLE VII AGAINST NATIONAL EMPLOYMENT AND BAE**

32. Defendant repeats and reaffirms each of the answers contained in Paragraphs 1 through 31 above and incorporates them herein by reference.

33. Defendant denies the allegations and legal conclusions contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

B. **RETALIATION PURSUANT TO § 1981 AND TITLE VII AGAINST NATIONAL EMPLOYMENT AND BAE**

37. Defendant repeats and reaffirms each of the answers contained in Paragraphs 1 through 36 above and incorporates them herein by reference.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations and legal conclusions contained in Paragraph 39.

40. Defendant denies the allegations and legal conclusions contained in Paragraph 40.

41. Defendant denies the allegations and legal conclusions contained in Paragraph 41.

# V.
# JURY DEMAND

42. Paragraph 42 of Plaintiff's Complaint contains a demand for a jury trial for which no response is required.

## VI.
## DAMAGES

43. Defendant admits Plaintiff seeks the damages requested in Paragraph 43 but denies that he is entitled to them. Defendant denies all the remaining allegations and legal conclusions contained in Paragraph 43.

44. Upon information and belief, Defendant admits Plaintiff has retained an attorney to represent him and agreed to pay the reasonable attorney's fees associated with this lawsuit. Defendant denies that Plaintiff is entitled to recover his attorney's fees from Defendant. Defendant denies all the remaining allegations and legal conclusions contained in Paragraph 44.

45. Defendant admits Plaintiff seeks the damages requested in Paragraph 45 but denies that he is entitled to them. Defendant denies all the remaining allegations and legal conclusions contained in Paragraph 45.

46. Defendant admits Plaintiff seeks the damages requested in Paragraph 46 but denies that he is entitled to them. Defendant denies all the remaining allegations and legal conclusions contained in Paragraph 46.

## VII.
## PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer.

### AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted.

1. The Complaint is barred in whole or in part because it fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred to the extent that he failed to exhaust all available administrative remedies.

3.    Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages, and hence can only recover nominal damages if he prevails.

4.    All actions taken by Defendant with respect to Plaintiff were justified, privileged, reasonable, made in furtherance of a common interest, taken in good faith, without any improper motive, purpose or means and/or without any hatred, ill will, malice, intent to injure, or reckless disregard to the rights of Plaintiff.

5.    Defendant did not engage in any conduct warranting recovery by Plaintiff of compensatory, liquidated, or punitive damages, attorney's fees, costs or any other form of relief whatsoever.

6.    To the extent Plaintiff's Complaint contains allegations that are beyond the scope of Plaintiff's administrative charge of discrimination, these allegations must be dismissed for failure to exhaust administrative remedies.

7.    To the extent Plaintiff failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred.

8.    The employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory reasons.

9.    Even if Plaintiff can somehow establish a discriminatory motive was a factor in any adverse employment action, Defendant can show that it would have taken the same action even in the absence of such a motive.

10.    Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate his damages as required by law.

11. In the unlikely event that back pay damages are awarded to Plaintiff, Plaintiff's interim earnings and benefits, and any earnings and benefits he could have earned with reasonable diligence, shall operate as an offset to reduce the damages award.

12. Plaintiff's employer exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by his employer or to otherwise avoid harm.

13. Defendant had policies and procedures in effect, and exercised reasonable care, to prevent and promptly correct the alleged unlawful conduct, and Plaintiff unreasonably failed to avail himself of those policies and procedures.

14. No unlawful employment actions were taken against the Plaintiff by Defendant.

15. Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, unclean hands, waiver, and all other applicable defenses listed in Fed. R. Civ. P. 8(c).

16. Defendant denies any discrimination occurred; to the extent that any alleged discrimination against Plaintiff did occur, any agents or employees of Defendant's were not acting within the course and scope of their employment when any of the purported discrimination took place. Defendant is not liable for alleged intentional acts committed outside the course and scope of employment.

17. Defendant hereby gives notice that it reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise, and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that Defendant be awarded its full attorneys' fees incurred in defending this

matter, that it be awarded all costs incurred, including any expert fees, and that it have such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Brian Patterson
Brian Patterson
Texas Bar No. 24042974
McGuireWoods LLP
600 Travis, Suite 7500
Houston, Texas 77002
(713) 571-9191
(713) 571-9652 (Fax)

**ATTORNEYS FOR DEFENDANT NATIONAL EMPLOYMENT SERVICE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2012, a copy of the foregoing *Answer* was filed with this Court via the ECF system, causing notice to be served upon the following counsel of record for Plaintiff and was mailed to counsel for BAE Systems:

Katrina S. Patrick
530 Lovett Street
Houston, TX 77006

Joe G. Galagaza
Jackson Lewis LLP
1415 Louisiana, Suite 3325
Houston, Texas 77002-7332

/s/ Brian Patterson

\42792726.1

9